621 A.2d 1101

**Terry KOHUT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TOWNSHIP OF FORWARD and Old Republic Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1991.

Decided Feb. 9, 1993.

Reargument Denied March 31, 1993.

384

W. David Slomski, for petitioner.

Richard L. Rosenzweig, for respondents.

Before CRAIG, President Judge, DOYLE, Judge (P.), and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by Terry Kohut (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision granting the termination petition of the Township of Forward (Employer, or the Township) and its workmen's compensation carrier, Old Republic Insurance Company (Old Republic).

The following findings are pertinent. Claimant, a township police officer, was injured while on duty on December 29, 1984, when his police car was struck by another vehicle. Thereafter, he received benefits pursuant to Section 1 of what is commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637. That act provides for certain types of employees (including township police officers) to receive their "full rate of salary" if they are *temporarily* disabled due to a work-related injury. The Heart and Lung Act also provides that any workmen's compensation benefits the employee receives while collecting Heart and

Lung Act benefits are to be assigned to the employer and such was apparently done here.

Claimant returned to work on October 22, 1985, and one week later signed a final receipt pertaining to the workmen's compensation benefits. His Heart and Lung Act benefits also ceased about that time since he had returned to his time-of-injury job. On January 14, 1986, his work-related disability recurred necessitating surgery. Both his Heart and Lung Act and workmen's compensation benefits were reinstated (the latter as of January 14) [1] and the workmen's compensation benefits continued until the referee, in response to the Township's termination petition filed on March 6, 1987, granted Employer's request for a supersedeas which resulted in Claimant's workmen's compensation benefits being stayed as of April 16, 1987. His benefits under the Heart and Lung Act, however (his full salary) continued.

On March 21, 1988, Claimant was notified of Employer's decision to terminate his employment on the basis that he was "physically unable to perform [his] duties as a police officer." On April 11, 1988, a hearing was held before the Township Board of Supervisors (Supervisors). That hearing concerned both Claimant's termination from employment and the termination of his Heart and Lung Act benefits. On May 23, 1988, the Supervisors filed their decision and determined that Claimant was *permanently* disabled, that he should be terminated from his position, and that he was, therefore, ineligible for further Heart and Lung Act benefits effective June 18, 1987, due to his having a permanent disability. The Supervisors implemented their decision by resolution dated May 23, 1988. That decision was never appealed.

Thereafter, by decision circulated December 21, 1988, the workmen's compensation referee granted Employer's termination petition. His adjudication was later affirmed by the Board. Claimant was now, therefore, left in the unusual situation of being denied Heart and Lung Act benefits because his disability was determined, by the Township's Supervisors,

---

1. The record does not appear to reflect the exact date the Heart and Lung Act benefits were reinstated.

to have been permanent, while being denied workmen's compensation benefits on the basis of an allegation by the same Township, that he was no longer disabled at all. His appeal to this Court from the Board's order followed.

On appeal Claimant contends that the adjudication by the Township Supervisors of permanent disability rendered in the Heart and Lung Act proceedings on May 23, 1988, is binding in the workmen's compensation proceeding on the basis of collateral estoppel. (The referee's decision was not filed until December 21, 1988.) He further maintains that the Board erred when it determined that the term "disability" has different meanings under the Heart and Lung Act and The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031, so that the principle of collateral estoppel is inapplicable. Finally, he contends that the Township did not meet its burden of proving that he had fully recovered from his work-related injury. We shall examine these issues keeping in mind that our scope of review is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board committed any legal error or constitutional violation. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

 Claimant's first two issues are interrelated. Under the principle of collateral estoppel or issue preclusion "[w]here a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action." *McCarthy v. Township of McCandless*, 7 Pa.Commonwealth Ct. 611, 619, 300 A.2d 815, 820 (1973) (quoting Restatement of Judgments § 70 (1942). *See also Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991). The judgment in the prior action operates as estoppel in the second action, however, only as to those issues that (1) are identical (2) were actually litigated (3) were essential to the judgment and (4) were material to the adjudi-

cation. *McCarthy*, 7 Pa.Commonwealth Ct. at 619, 300 A.2d at 820–21. Only the first criterion appears to be at issue here.

█ In order to determine whether the matters in issue are identical we must examine the underlying substantive provisions of both the Heart and Lung Act and the Workmen's Compensation Act. Under Section 1 of the Heart and Lung Act, benefits are allowed to a township police officer "who is injured in the performance of his duties" and "by reason thereof is temporarily incapacitated from performing his duties." 53 P.S. § 637. Thus, Heart and Lung Act benefits may be terminated on the basis that the employee is either no longer disabled at all, or that he is permanently disabled providing the employer proves that the employee is permanently unable to perform his time-of-injury job.

█ Under Section 413 of the Workmen's Compensation Act, 77 P.S. § 772, in order to obtain a termination of benefits the employer must prove that Claimant's work-related disability has "finally ceased." Disability is judicially defined as loss of earning power. *See, e.g., Airco Speer Carbon v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 274, 392 A.2d 360 (1978). Thus, where the employee can return without restriction to his time-of-injury job a termination will be granted. *Fashion Prints v. Workmen's Compensation Appeal Board*, 57 Pa.Commonwealth Ct. 250, 425 A.2d 1221 (1981); *accord Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 134, 415 A.2d 450 (1980); *Montgomery v. Workmen's Compensation Appeal Board*, 42 Pa.Commonwealth Ct. 143, 400 A.2d 253 (1979). Here Employer admitted in the Heart and Lung Act proceeding that Claimant would never again be able to do his time-of-injury job because of his work-related disability. Having made such an admission it cannot now be permitted to assert a contrary position for the same period of time. In short, the issue of whether Claimant would be able to return to his time-of-injury job has been finally decided and Employer is collaterally estopped from relitigating it for the same period of time. As previously noted, no appeal was taken from the Township's determination that Claimant is perma-

nently disabled from performing his duties as a police officer. Hence, that decision is final. And, obviously, the decision in the workmen's compensation litigation is not final as it is before us now.

■ We hasten to point out that an argument that Employer is entitled to a *suspension* of benefits under the Workmen's Compensation Act would not be foreclosed by collateral estoppel. This is because under such a theory a claimant could be disabled from his time-of-injury job but because of the availability of other suitable work (such as light duty work) he would not suffer a loss of earning power. *See generally Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). In the instant case, however, Employer never alternatively sought a suspension, nor sought to demonstrate work availability, *see Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), so that issue is not before us.

■ We acknowledge *Brewster v. Board of Commissioners of Upper Dublin Township*, 49 Pa. D. & C.3d 611 (1988), *affirmed per curiam*, —— Pa.Commonwealth Ct. ——, 555 A.2d 320 (1989), upon which the Board relied. That case did hold that because the term disability under the Heart and Lung Act has a different meaning than the same term under the Workmen's Compensation Act collateral estoppel is not applicable. We decline to follow that case, however,[2] believing that, in fact, "disability" does have the same meaning under both acts.

■ Old Republic argues that because it did not participate in the Heart and Lung Act proceedings (a different carrier represented the Township there) it is not in privity with the Township and, hence, should not be bound by any issues decided therein. We disagree. The actual party to both proceedings was the Township and the claims in both proceedings were against the Township. As the Township Workmen's compensation carrier, Old Republic is subject to the same liabilities (here the collateral estoppel bar) as the

2. We merely affirmed on the opinion of the trial court.

Township.[3] Moreover, as long as the *party* against whom the defense is asserted is the same in both proceedings collateral estoppel may be used. *Thompson v. Karastan Rug Mills*, 228 Pa.Superior Ct. 260, 323 A.2d 341 (1974).

Having concluded that collateral estoppel is properly applied here, we need not reach Claimant's remaining issue.

Reversed.

## ORDER

NOW, February 9, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

3. *See* Section 305 of The Pennsylvania Workmen's Compensation Act, 77 P.S. § 501.