**Judith GALLOWAY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Pennsylvania State Police), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1996.

Decided March 11, 1997.

Michael J. Witherel, Pittsburgh, for petitioner.

James A. Mazzotta, Pittsburgh, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Judith Galloway (Claimant) appeals an order of the Worker's Compensation Appeal Board, which affirmed a Worker's Compensation Judge's (WCJ) decision directing Claimant to submit to a medical examination.

Claimant was employed by the Pennsylvania State Police (PSP) as a state trooper. In 1982, she was conducting an undercover investigation when one of the persons Claimant was investigating learned that she was a police officer. Claimant informed PSP of that fact, but her supervisors ordered her to continue the investigation. Claimant refused to comply with that order, and PSP responded by accusing Claimant of cowardice and by reassigning her to traffic duty. On March 10, 1982, Claimant became disabled by depression caused by work-related stress.

Sometime thereafter, Claimant began receiving benefits under what is commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637. The Heart and Lung Act allows police and fire personnel to collect full salary benefits for temporary injuries sustained in the performance of their duties. *Steibing v. Workmen's Compensation Appeal Board (City of Hazleton),* 665 A.2d 865 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied,* 544 Pa. 640, 675 A.2d 1254 (1996). Further, on April 13, 1983, after a contest by PSP, Claimant was also awarded workers' compensation benefits.

.Shortly after Claimant was granted workers' compensation benefits, PSP initiated an action to terminate Claimant's Heart and Lung benefits, asserting that Claimant was ineligible for those benefits because her dis-

ability was permanent. An administrative hearing was conducted and, at that proceeding, PSP presented the testimony of Dr. Howard B. Finkelhor, who opined that Claimant was totally and permanently disabled and that she could not return to work as a state trooper. Dr. Finkelhor further testified that he "did not think that she will be employable" and that it was "doubtful that she'll be able to function at any job at all." (Testimony of Dr. Finkelhor at 20, 46.) The hearing panel accepted Dr. Finkelhor's testimony and concluded that Claimant was permanently disabled from her job as a state trooper. Accordingly, on February 3, 1984, the hearing panel terminated her Heart and Lung benefits.[1] Of course, the termination of her Heart and Lung benefits did not affect her right to workers' compensation benefits, which she continued to receive thereafter.

On August 30, 1993, PSP filed a "Petition of Employer for Physical Examination of Employee" with the Workmen's Compensation Appeal Board to compel Claimant to submit to an examination by a psychiatrist. The petition asserted that Claimant was scheduled for an examination on June 25, 1993, but that she refused to attend. In Claimant's answer to PSP's petition, she raised the following defense:

> Employer's request for a medical examination is not reasonable or proper, as employer initiated an action to have Employee's disability deemed permanent, and was successful in said action. Therefore, Employer is collaterally estopped to challenge her right to benefits....

(Answer to Petition for Physical Examination at 2.) Claimant's defense relied on our decision in *Kohut v. Workmen's Compensation Appeal Board (Township of Forward)*, 153 Pa.Cmwlth.382, 621 A.2d 1101 (1993), *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993).

The Board referred PSP's petition to a WCJ for a hearing and order. After conducting a hearing, the WCJ granted PSP's petition and ordered Claimant to submit to the medical examination. The WCJ conclud-

ed that the case was controlled by *Kohut* and reasoned as follows:

17.... Having studied *Kohut*, this workers' compensation judge finds that the holding clearly applies the principle of collateral estoppel to prohibit employer's filing a termination petition for worker's compensation benefits after the employer terminated Heart and Lung Act benefits because the employer established that claimant would never be able to return to his/her time-of-injury job. The opinion goes on to distinguish and treat a suspension petition differently and not apply the collateral estoppel principle thereto....

18. Your workers' compensation judge finds that pursuant to the *Kohut* decision, the termination of claimant's Heart and Lung benefits would preclude employer's filing a termination petition by virtue of collateral estoppel, but employer is not precluded from filing a suspension petition if employer can show the availability of suitable work (Light duty, for example). Although the court did not so specifically state, it appears that by extension of the same principle, a modification petition could also be filed by the employer on the theory that while claimant is disabled from his time-of-injury job, other light duty work is suitable and available which would decrease claimant's loss of earning power.

19. In order to determine whether claimant is able to perform any other work besides her time-of-injury job, employer must have claimant examined by a physician....

20. To determine whether claimant is able to perform any type of work at this time, employer is entitled to have claimant examined by a psychiatrist. While it is true that Dr. Finkelhor testified in 1984 that he didn't think claimant would be employable, nearly ten years have passed and physical and mental health conditions can and do change. Employer's last examination of claimant was in 1986. Employer is entitled to have claimant examined to

1. The decision terminating her Heart and Lung benefits was ultimately affirmed by this Court in an unpublished opinion. *Galloway v. Pennsylva-* *nia State Police* (633 C.D.1984, filed April 9, 1985).

determine if she is *presently* employable. . . .

(WCJ's Opinion at 4–5.) Claimant appealed to the Board, which affirmed the WCJ. This appeal followed.

■ On appeal, Claimant contends that, based on the principle of collateral estoppel, PSP is barred as a matter of law from asserting that she is not permanently disabled from all work and that PSP is thus barred from requesting a medical examination of Claimant. We cannot agree.

■ The right of an employer to direct a claimant to submit to a medical examination is found in Section 314(a) of the Workers' Compensation Act[2] (Act), which is as follows:

(a) At any time after an injury the employe, if so requested by his employer, must submit himself for examination, at some reasonable time and place, to a physician or physicians legally authorized to practice under the laws of such place, who shall be selected and paid by the employer. If the employe shall refuse upon the request of the employer to submit to the examination by the physician or physicians selected by the employer, a referee assigned by the department may, upon petition of the employer, order the employe to submit to an examination at a time or place set by the referee. . . . The referee may at any time after such first examination, upon petition of the employer, order the employe to submit himself to such further examinations as the referee shall deem reasonable and necessary. . . . The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination ordered by the referee, either before or after an agreement or award, shall deprive him of the right to compensation . . . during the period of refusal or neglect, and such period of neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

When a claimant refuses to submit to a medical examination, the WCJ, as ultimate fact finder, has the discretion to determine the reasonableness of the claimant's refusal.

*Raymond v. Workmen's Compensation Appeal Board (Donolo Masonry Construction),* 659 A.2d 657 (Pa.Cmwlth.1995).

Claimant argues that she is "immune" from attending the psychiatric examination. Claimant asserts that, during the Heart and Lung hearing, PSP took the position that Claimant's disability was permanent and that she would never be capable of employment thereafter. In her view, collateral estoppel, as applied in *Kohut,* precludes PSP from changing the position that it asserted in the Heart and Lung proceeding in subsequent workers' compensation termination, suspension, or modification proceedings. Hence, because PSP is barred from petitioning to terminate, modify, or suspend her workers' compensation benefits, and because the only purpose for the examination is to gather evidence to support such a petition, the examination is unnecessary.

In response, while PSP concedes that it may not petition for a termination of Claimant's benefits, it asserts that *Kohut* does not preclude it from petitioning to suspend or modify Claimant's benefits. As such, Employer argues that a medical examination is needed to assess Claimant's ability to work.

■ Collateral estoppel is a legal doctrine intended to preclude the relitigation of issues of law or fact in a subsequent action. Collateral estoppel forecloses the relitigation of an issue of law or fact only when the following factors are demonstrated: (1) the legal or factual issues are identical; (2) they were actually litigated; (3) they were essential to the judgment; and (4) they were material to the adjudication. *PMA Insurance Group v. Workmen's Compensation Appeal Board (Kelley),* 665 A.2d 538 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 618, 674 A.2d 1078 (1996).

In *Kohut,* we considered whether issues decided in a proceeding involving Heart and Lung benefits were binding in a subsequent workers' compensation proceeding on the basis of collateral estoppel. The claimant in *Kohut* was receiving both workers' compensation and Heart and Lung benefits for an

---

**2.** Act of June 2, 1915, P.L. 736, *as amended,* 77    P.S. § 651(a).

injury sustained in the course of his employment as a township police officer. The township sought to terminate the claimant's Heart and Lung benefits. The township's board of supervisors, after a hearing, determined that the claimant was *permanently* disabled and was, therefore, ineligible for further Heart and Lung benefits. That decision was never appealed. Within months thereafter, the claimant's Heart and Lung benefits were terminated when a WCJ granted the township's termination petition on the grounds that the Claimant was no longer disabled; the Board affirmed that decision. Claimant was thus placed in the peculiar situation where, for Heart and Lung purposes, the claimant was permanently disabled, yet for workers' compensation purposes, claimant was not disabled at all, with both results coming from separate actions taken by the township.

The claimant appealed the Board's decision to this Court arguing that the decision of the township's board of supervisors was binding in the workers' compensation proceeding on the basis of collateral estoppel. We agreed and reasoned as follows:

> Here Employer admitted in the Heart and Lung Act proceeding that Claimant would never be able to do his time-of-injury job because of his work-related disability. Having made such an admission it cannot now be permitted to assert a contrary position for the same period of time. In short, the issue of whether Claimant would be able to return to his time-of-injury job has been finally decided and Employer is collaterally estopped from relitigating it for the same period of time....

> We hasten to point out that an argument that Employer is entitled to a *suspension* of benefits under the Workmen's Compensation Act would not be foreclosed by collateral estoppel. This is because under such a theory a claimant could be disabled from his time-of-injury job but because of the availability of other suitable work (such

as light duty work) he would not suffer a loss of earning power....

*Kohut,* 621 A.2d at 1104 (emphasis in original).

In this case, Claimant asserts that *Kohut* stands for the proposition that an employer who succeeds in terminating an employee's Heart and Lung benefits on the ground that the employee has sustained a permanent injury cannot, at any point in the future, seek to suspend or modify the employee's workers' compensation benefits. We disagree. Unlike a petition to terminate Heart and Lung benefits, where the employer must prove that a claimant is unable to return to his or her time-of-injury job due to a permanent injury, *Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986), the employer's burden in a workers' compensation suspension or modification action is whether the claimant has recovered some or all of his or her earning power. *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990). Hence, because the issues in a Heart and Lung termination action and a workers' compensation suspension or modification action are not identical, collateral estoppel cannot apply. *PMA Insurance Group.* Moreover, in *Kohut* we expressly stated that collateral estoppel would not bar an employer who successfully terminated a claimant's Heart and Lung benefits from later petitioning for a suspension of the claimant's workers' compensation benefits, because the claimant could be available for some type of work, even if the claimant was unable to perform his or her time-of-injury job. The same reasoning, obviously, would allow an employer to seek a subsequent modification of a claimant's benefits.

In light of the above, we hold that PSP's success in the Heart and Lung action does not preclude it, under *Kohut,* from petitioning to suspend or modify Claimant's workers' compensation benefits.[3]

---

3. We note that, for Heart and Lung purposes, a permanent injury is one that is of lasting or indefinite duration; it need not be eternal or everlasting. *Cunningham.* While Employer conceded here that, under *Kohut,* it could not petition to terminate Claimant's benefits, we none-theless believe that Claimant's "permanent" injury cannot be deemed to be perpetual and, for that reason, Employer is not forever precluded from petitioning for a termination of Claimant's workers' compensation benefits.

Claimant further argues, relying on Dr. Finkelhor's testimony, that, because PSP asserted in the Heart and Lung proceeding that Claimant would never be employable in any job, PSP may not change that position in a later workers' compensation suspension or modification proceeding. Although Dr. Finkelhor did testify in the Heart and Lung action that Claimant would not be employable, the issue in that proceeding was whether Claimant was permanently disabled *from her time-of-injury position as a state trooper.* The question of whether Claimant was permanently unable to perform *any* job was neither essential nor material to the Heart and Lung hearing panel's decision; therefore, collateral estoppel is inapplicable.[4] Hence, collateral estoppel does not bar the PSP from raising the issue of Claimant's ability to work in a suspension or modification proceeding.

Because collateral estoppel does not preclude PSP from using the results of the medical examination in a future proceeding to suspend or modify Claimant's benefits, Claimant's argument that she is "immune" from submitting to the examination is without merit. Claimant's only basis for refusing to attend the psychiatric examination was her collateral estoppel argument; she has not asserted any other reasonable excuse for not submitting to the examination. Thus, we hold that the WCJ did not abuse her discretion in ordering Claimant to submit to the medical examination.

Accordingly, we affirm the Board's order.

4. Claimant asserts that PSP is barred under the doctrine of judicial estoppel from seeking to modify or suspend her benefits, because PSP successfully maintained that Claimant would never be employable in the Heart and Lung proceedings. Again we disagree.

Judicial estoppel precludes a party in an action from advocating a position inconsistent with the position which that party proffered in a prior action, if that position was successfully maintained. *Ligon v. Middletown Area School District,* 136 Pa.Cmwlth. 566, 584 A.2d 376 (1990). Our ability to determine whether judicial estoppel is applicable to this matter is crippled, because the record of the Heart and Lung proceeding is not part of the certified record in this case. Claimant only introduced into the record five

*ORDER*

**AND NOW,** March 11, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

pages of Dr. Finkelhor's testimony, excerpts from a transcript that is at least 46 pages long, and the administrative decision terminating Claimant's Heart and Lung benefits. The administrative decision states only that, based upon Dr. Finkelhor's credible testimony, Claimant's disability is permanent.

Nonetheless, the hearing panel that terminated Claimant's Heart and Lung benefits did not find as fact that Claimant was disabled from *all* employment. The administrative tribunal was only concerned about Claimant's ability to work as a state trooper. Hence, because PSP cannot be deemed to have successfully maintained that Claimant was permanently disabled from *all* employment, this argument must fail.