**CITY OF PITTSBURGH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (McGREW), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2001.
Decided Oct. 22, 2001.

Brian D. Walters, Pittsburgh, for petitioner.

Bryan Campbell, Pittsburgh, for respondent.

Before DOYLE, President Judge, KELLEY, Judge and FLAHERTY, Senior Judge.

Opinion by President Judge DOYLE.

The City of Pittsburgh (City) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which had reversed the decision of a Workers' Compensation Judge (WCJ) granting the City's petition to terminate

the workers' compensation benefits of Eleanor McGrew (Claimant).

■ The facts of this case are not in dispute. On May 18, 1987, Claimant sustained a work-related lumbar strain while in the course of her employment with the City as a police officer. Claimant thereafter began receiving benefits under what is commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–38, pursuant to a notice of compensation payable issued on June 10, 1987. The Heart and Lung Act allows police and fire personnel to collect their full salaries for temporary injuries sustained in the performance of their duties.

On October 13, 1992, pursuant to a suspension petition filed by the City, a hearing was conducted before an Arbitrator. On March 30, 1993, the Arbitrator issued an order wherein he concluded that Claimant was no longer entitled to receive benefits under the Heart and Lung Act because her injury was "of lasting and indefinite duration." Although Claimant's benefits under the Heart and Lung Act were terminated, she then subsequently began receiving temporary total disability benefits under the applicable provisions of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

On January 20, 1998, the City filed a termination petition alleging that Claimant had fully recovered from her original work-related injury as of December 17, 1997. Subsequently, a hearing was conducted before a WCJ. In support of its petition, the City presented the deposition testimony of Anne Valko, M.D. Dr. Valko ultimately opined that she found no objective evidence of any ongoing disability causally related to Claimant's original lum-

bar strain, and, thus, Claimant had fully recovered from her work injury. In opposition, Claimant presented the deposition testimony of Andrew Kranik, M.D., wherein he opined that Claimant had improved approximately 70% over the course of her treatment and, thus, she was not totally disabled, although she was not totally recovered either. Ultimately, the WCJ credited the testimony of Dr. Valko.

On October 27, 1999, the WCJ circulated a decision and order granting the City's termination petition and rejecting Claimant's argument that the City was collaterally estopped from initiating litigation to terminate her benefits in light of the Arbitrator's prior finding on March 30, 1993, that her work-related injury was found to be "of lasting and indefinite duration."

Claimant then filed an appeal with the Board, arguing that the WCJ committed an error of law by failing to conclude that the City was collaterally estopped from attempting to terminate her workers' compensation benefits. Claimant did not, and does not now, dispute the WCJ's finding that she is fully recovered from her work-related injury.

On October 25, 2000, the Board reversed the WCJ's decision and granted Claimant's appeal. The Board, relying on this Court's decision in *Kohut v. Workmen's Compensation Appeal Board (Township of Forward)*, 153 Pa.Cmwlth.382, 621 A.2d 1101 (1993), *petition for allowance of appeal denied*, 535 Pa. 650, 633 A.2d 154 (1993), concluded that the Arbitrator's designation of Claimant's disability status as "of lasting and indefinite duration" was synonymous with a permanent injury and, thus, based on collateral estoppel, precluded the City from terminating Claimant's workers' compensation benefits. This appeal by the City followed.

■ On appeal,[1] the City argues that the Board erroneously relied on *Kohut,* and failed to consider this Court's more recent decision in *Galloway v. Workmen's Compensation Appeal Board (Pennsylvania State Police),* 690 A.2d 1288 (Pa. Cmwlth.1997), *petition for allowance of appeal denied,* 549 Pa. 719, 701 A.2d 579 (1997), wherein, in a footnote, we concluded that the employer, in similar circumstances, was not precluded from petitioning for a termination of compensation benefits. Claimant, on the other hand, maintains that the Board properly concluded that, under *Kohut,* Employer *was* precluded from petitioning for a termination, that *Galloway* did not deal with a termination petition and is thus not controlling, and that a decision allowing Employer to petition for a termination would, in effect, overrule *Kohut.*

We believe that, pursuant to *Galloway,* the City **is not** precluded from filing a termination petition against Claimant. In so holding, however, we do not overrule *Kohut,* but merely limit it to the specific factual circumstances presented in that case. Therefore, based on the following analysis, we will reverse the order of the Board.

The claimant in *Kohut* was injured while on duty as a police officer and began receiving Heart and Lung benefits and workers' compensation benefits simultaneously. He returned to work on October 22, 1985, but, on January 14, 1986, his work-related disability recurred. As a result, his Heart and Lung benefits and his workers' compensation benefits were reinstated.

On March 6, 1987, while the claimant was still receiving Heart and Lung benefits, the employer filed a petition to terminate the claimant's workers' compensation benefits. While the employer's petition to terminate workers' compensation benefits was still pending, it instituted procedures to terminate the claimant from his employment, which would thereby result in the termination of his Heart and Lung benefits. In its action, the employer alleged that the claimant was permanently disabled from returning to work. On May 23, 1988, the Township Board of Supervisors issued a decision concluding that the claimant was permanently disabled, that he should be terminated from his position, and he was thus ineligible for Heart and Lung Benefits. Shortly thereafter, on December 21, 1988, the workers' compensation referee[2] circulated his decision granting the employer's termination petition on the grounds that the employer had asserted and argued—that the claimant suffered from no disability at all. The referee's decision was later affirmed by the Board.

The claimant was thus denied Heart and Lung benefits because his injury was **deemed permanent** by one tribunal, and, within the same time frame, was denied workers' compensation benefits by another tribunal for the same period of time because he was found to be **no longer disabled.** For this to occur, the employer was required to argue before the Board of Supervisors that the claimant was ineligible for Heart and Lung benefits because he could not return to work due to his permanent disability, while at the same time arguing that the claimant's workers' compensation benefits should be terminat-

1. Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Beth-*

*energy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth. 1996).

2. Prior to the 1993 amendments to the Act, WCJs were known as referees.

ed because he was no longer disabled. On appeal, we reversed the Board's decision affirming the referee's termination of the claimant's workers' compensation benefits based on the legal doctrine of collateral estoppel. We stated the following:

> Here Employer admitted in the Heart and Lung Act proceeding that Claimant would never again be able to do his time-of-injury job because of his work-related disability. Having made such an admission it cannot now be permitted to assert a contrary position **for the same period of time.** In short, the issue of whether Claimant would be able to return to his time-of-injury job has been finally decided and Employer is collaterally estopped from relitigating it **for the same period of time.**

*Id.* at 1104. (Emphasis added.) Therefore, in *Kohut,* the critical factor in our decision to bar the employer's termination petition was the fact that the employer was arguing contrary positions for the same period of time. This did not occur in *Galloway* and, therefore, *Galloway* is distinguishable.

The claimant in *Galloway* was also receiving Heart and Lung benefits and workers' compensation benefits simultaneously. Shortly after the claimant was awarded workers' compensation benefits, the employer initiated an action to terminate the claimant's Heart and Lung benefits, asserting that her disability was permanent. Accordingly, on February 3, 1984, a hearing panel terminated her Heart and Lung benefits.

On August 30, 1993, *approximately nine years later,* the employer filed a petition requesting the Board to compel the claimant to submit to a psychiatric examination to determine whether her disability was still permanent. The claimant contested the petition, arguing that the employer was collaterally estopped from challenging the permanency of her disability because of the determination in the Heart and Lung proceeding. The WCJ ultimately granted the employer's petition and the Board affirmed.

On appeal, we first took note that the employer was requesting the medical examination for purposes of preparing a possible modification or suspension petition. Thus, we ultimately affirmed the Board "because the issues in a Heart and Lung termination action and a workers' compensation suspension or modification action are not identical, [so] collateral estoppel cannot apply." *Id.* at 1292. Although *Galloway* does not technically deal with a termination petition, the City, in the present case, points to footnote 3 in support of its argument that its termination petition should not be precluded. In *Galloway,* we stated the following:

> We note that, for Heart and Lung purposes, a permanent injury is one that is of lasting or indefinite duration; **it need not be eternal or everlasting.** While Employer conceded here that, under *Kohut,* it could not petition to terminate Claimant's benefits, we nonetheless believe that Claimant's "permanent" injury cannot be deemed to be perpetual and, for that reason, Employer is not **forever** precluded from petitioning for a termination of Claimant's workers' compensation benefits.

*Id.* at 1292, n. 3. (Citation omitted.) (Emphasis added.)

A side-by-side analysis of the above decisions establishes that the employer in *Kohut* was precluded from terminating the claimant's workers' compensation benefits because, at the same time, and for an inconsistent and logically contrary reason, the employer was attempting to terminate the claimant's Heart and Lung benefits. In essence, the employer was "talking out of both sides of its mouth," by arguing that

the claimant had a permanent injury for purposes of the Heart and Lung Act, while arguing that the claimant was, at the same time, not permanently injured for purposes of the Workers' Compensation Act. This we could not permit. Thus, *Kohut* merely prevents an employer from arguing contrary positions at the same time in order to satisfy different legal standards.

*Galloway,* on the other hand, involved a situation where, nine years after the claimant's workers' compensation benefits had begun, the employer desired to establish that the claimant's disability had lessened or no longer existed. The reasoning behind our pronouncement in footnote 3 was that, after a reasonable period of time from the issuance of workers' compensation, it is possible that a claimant's disability status could change. Thus, we acknowledged that, in such a situation, an employer **is not forever precluded** from petitioning for a termination of a claimant's compensation benefits.

■ In the present case, the facts more closely resemble those of *Galloway,* and, as a result, the Board erred by failing to consider our later decision and by reversing the order of the WCJ. Here, Claimant's Heart and Lung benefits were terminated in 1993, and he began receiving workers' compensation benefits that same year. In 1998, five years later, the employer filed a petition to terminate Claimant's workers' compensation benefits. Based on our reasoning in *Galloway,* a substantial period of time had elapsed between the issuance of workers' compensation benefits and the filing of the termination petition, and Employer was not precluded, therefore, from filing its termination petition in this case.

Accordingly, the Board's order is reversed and the WCJ's decision is reinstated.

## *ORDER*

**NOW,** October 22, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed, and the Workers' Compensation Judge's decision is reinstated.