a duty to use child support monies on behalf of the children involved and that the children are thus "the intended beneficiaries of such funds" with "an equitable interest in them"); *Murray v. Murray,* 128 Ohio App.3d 662, 716 N.E.2d 288, 292 (1999) (requiring an expansive definition of income for child support calculation purposes, so as to "ensure that the best interests of the children, the intended beneficiaries of child support awards, are protected" (internal quotation marks omitted)); *Blaikie v. Mortner,* 274 A.D.2d 95, 713 N.Y.S.2d 148 (N.Y.App.Div.2000) (detailing that New York's domestic relations code "establishes a baseline level of support for children, who are its intended beneficiaries"); *Hurlbut v. Scarbrough,* 957 P.2d 839, 842 (Wyo.1998) ("Unpaid child support is not an asset of the parent but is the children's money which the parent administers in trust for the children's benefit."); *accord In re Poffenbarger,* 281 B.R. 379, 388–89 (Bkrtcy.S.D.Ala.2002). Therefore, I am not as certain as the majority that it is appropriate to rely exclusively upon ordinary contract principles to resolve the specific question of whether Daughter had standing to sue Father to enforce the contract's terms. It seems to me that that essential question amounts to one of public policy resolvable even in the absence of the overlay provided by Section 302 of the Restatement of Contracts. Because I agree that, as a policy matter, minor children should not be accorded standing to initiate such legal actions absent express statutory authority, *see* Majority Opinion at —— Pa. ——, 893 A.2d at 94–96, I join the majority opinion subject only to the above thoughts.

Justice EAKIN joins this concurring opinion.

M. Diane **KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania as Statutory Liquidator of Colonial Assurance Company**

v.

**COLONIAL ASSURANCE COMPANY.**

**Appeal of Louis V. Mazzella, Sr.**

M. Diane **Koken, Insurance Commissioner of the Commonwealth of Pennsylvania as Statutory Liquidator of Colonial Assurance Company**

v.

**Colonial Assurance Company.**

**Appeal of Louis V. Mazzella, Sr.**

Supreme Court of Pennsylvania.

March 22, 2006.

### ORDER

PER CURIAM.

**AND NOW,** this 22nd day of March, 2006, the order of the Commonwealth Court is AFFIRMED.