

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# Mazzella v. Comm PA Dept Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mazzella v. Comm PA Dept Ins" (2007). *2007 Decisions.* Paper 1274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2325
_____

LOUIS V. MAZZELLA, SR.,

Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF INSURANCE;
M. DIANE KOKEN, Individually and as the
Insurance Commissioner of the Commonwealth of Pennsylvania;
WILLIAM TAYLOR, Individually and as the
Deputy Insurance Commissioner for Liquidations, Rehabilitation
and Special Funds of the Commonwealth of Pennsylvania;
JOSEPH DIMEMMO, Individually and as the
Director of Bureau of Liquidations and Rehabilitation Administration
of the Pennsylvania Insurance Department;
BUREAU OF LIQUIDATIONS AND REHABILITATIONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 05-cv-01059)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  FISHER, JORDAN and ROTH, *Circuit Judges*.

(Filed April 17, 2007)

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal arises out of the liquidation of an insolvent insurer, Colonial

Assurance Company ("Colonial"). Louis Mazzella, Sr., a Colonial shareholder who

consented to the liquidation, litigated for years in the Pennsylvania state courts to fight

the liquidation plan proposed by the Commonwealth. After his objections were dismissed

in that forum, he filed an action before the United States District Court for the Middle

District of Pennsylvania, which dismissed his Complaint under the *Rooker-Feldman*

doctrine, alternatively noting that his claims would be barred by the doctrine of res

judicata. For the reasons that follow, we will affirm the decision of the District Court

under its alternative reasoning.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual

and legal background to this case. In March 1984, Colonial was placed into liquidation

proceedings with the consent of Mazzella. During these proceedings, Mazzella filed

numerous pleadings challenging the Pennsylvania Insurance Commissioner's handling of

the Colonial estate in its capacity as Statutory Liquidator.

In July 2004, the Pennsylvania Department of Insurance filed its Final Amended

Petition for Distribution in relation to the Colonial estate. Mazzella filed a series of

2

objections in response to this Petition. He also filed a Motion for Surcharge, seeking monetary relief. In November 2004, the Pennsylvania Commonwealth Court held a four-day hearing to resolve all outstanding matters related to the liquidation. Mazzella participated in this hearing.

On April 29, 2005, the Commonwealth Court entered an order granting the Department of Insurance's Final Petition and denying Mazzella's objections and Motion for Surcharge. *Koken v. Colonial Assurance Co.*, 885 A.2d 1078 (Pa. Commw. Ct. 2005). Mazzella filed a post-trial motion with the Commonwealth Court seeking a new trial, a directed verdict, or judgment notwithstanding the verdict. He also sought injunctive relief regarding several aspects of the court's April 29 order. These requests were denied by the Commonwealth Court on June 3, 2005. Mazzella then appealed the April 29 order to the Pennsylvania Supreme Court, which affirmed the Commonwealth Court's decision. *Koken v. Colonial Assurance Co.*, 893 A.2d 98 (Pa. 2006).

Following this disposition, Mazzella commenced a suit in the District Court against the Pennsylvania Department of Insurance, its Bureau of Liquidations and Rehabilitations, the Pennsylvania Insurance Commissioner, and Pennsylvania employees William Taylor and Joseph DiMemmo, alleging that the Defendants violated his civil rights, engaged in a civil conspiracy, and breached their fiduciary duties in relation to the Colonial liquidation. On March 16, 2006, the District Court granted the Defendants' Motion to Dismiss on the ground that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Alternatively, it noted that even if dismissal under the *Rooker-*

3

*Feldman* doctrine were not appropriate, Mazzella's claims would be barred by issue preclusion. This appeal followed.[1]

## II.

On appeal, Mazzella argues that the District Court erred by applying the *Rooker-Feldman* doctrine in this case. The doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). Recently, the Supreme Court narrowed the doctrine, emphasizing that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Following the Supreme Court's holding in *Exxon Mobil*, we explained that *Rooker-Feldman* was not applicable when a party complains of an injury "*not* caused by the state-court judgment but instead attributable to defendants' alleged . . . violations that preceded the state-court judgment." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) (emphasis in original). Because Mazzella's federal Complaint is directed at conduct that preceded the state-court judgment, we agree that this is not an appropriate case for the application of the *Rooker-Feldman* doctrine.

---

[1]We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

However, in *Turner* we explained that even if "we reject the district court's stated grounds for granting summary judgment in favor of defendants, we nonetheless may affirm the district court's order granting summary judgment on other grounds." 449 F.3d at 548 (affirming a district court's summary judgment order on res judicata grounds after rejecting the district court's reliance on the *Rooker-Feldman* doctrine). In this case, the District Court recognized that even if the *Rooker-Feldman* doctrine were not applicable, the doctrine of issue preclusion would bar Mazzella's claims because he is attempting to relitigate issues previously determined by the Commonwealth Court.

The Pennsylvania Supreme Court has explained that "[u]nder the doctrine of res judicata issue preclusion, when an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was essential to judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim." *McNeil v. Owens-Corning Fiberglass Corp.*, 680 A.2d 1145, 1147-48 (Pa. 1996) (internal footnote omitted).[2] The doctrine "serves the twin purposes of protecting litigants from assuming the burden of re-litigating the same issue with the same party, and promoting judicial economy through preventing needless litigation." *Id.* at 1148.

---

[2]We have noted that "[i]n determining the applicability of principles of res judicata, we must give the same preclusive effect to the judgment [of the state court] that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner*, 449 F.3d at 548.

Here, there is a valid final order that was entered by the Commonwealth Court and affirmed by the Pennsylvania Supreme Court, and the parties to the current action are the same as those in the previous action.[3] Thus, the question here is whether Mazzella's claims in this case implicate issues that were actually decided by and necessary to the judgment of the Commonwealth Court. *See Cohen v. W.C.A.B.*, 909 A.2d 1261, 1264 (Pa. 2006). Mazzella has brought three claims in the current case: he alleges that the Defendants violated his civil rights, engaged in a civil conspiracy, and breached their fiduciary duties. His civil rights claim under 42 U.S.C. § 1983 is premised on the Defendants' denying him access to certain financial information, depriving him of due process through the handling of the Colonial liquidation, and depriving him of a surplus by proposing payment of interest to claimants. However, the Commonwealth Court considered, and rejected, all of these objections. It explained that because it had "allowed extensive and repeated opportunities to Mazzella to engage in discovery; to obtain financial information and data from the Liquidator, including Mazzella's efforts to review sealed court records . . . ; to meet with auditors of the estate; and ultimately to participate fully in the evidentiary hearings in the case," it rejected any "objection, assertion or contention" that Mazzella had been improperly denied access to any information.

---

[3]Although the "identical parties" analysis is slightly strained in this case because the prior action was a statutory liquidation proceeding, it is clear that each of Mazzella's objections were directed at the same parties in that context as they are here, and every party had a full and fair opportunity to litigate those objections in the prior forum. *See Koken v. Colonial Assurance Co.*, 885 A.2d 1078 (Pa. Commw. Ct. 2005).

*Colonial*, 885 A.2d at 1094. Furthermore, the Commonwealth Court determined that "Mazzella's arguments that the Liquidator abused her authority or discretion in evaluating and allowing certain claims, or that she reopened the estate after closing it to drain any potential surplus, simply cannot be sustained . . . ." *Id.* at 1103. Mazzella's final civil rights allegation was similarly considered and rejected by the Commonwealth Court: it ordered the Defendants to "pay interest to *all* claimants," settling his claim that certain interest payments were improper. *Id.* at 1100 (emphasis in original). Thus, the issues underlying Mazzella's civil rights claim were actually litigated by the Commonwealth Court, and they were necessary to its approval of the Commonwealth's Final Plan, which could only have been approved by rejecting Mazzella's objections.

As to Mazzella's civil conspiracy claim, he must prove that there was an underlying tort in order to succeed. *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 405-06 (3d Cir. 2000). In other words, this claim rests on a finding that the Defendants acted unlawfully in carrying out their duties. However, the Commonwealth Court specifically found that

> Mazzella provided no credible evidence at the hearing to prove any impropriety by the Liquidator in the overall handling of the Colonial estate, and, in particular, Mazzella failed to show any impropriety in the Liquidator's application of the court-ordered claims bar date, incurring expenses to administer the estate, efforts to collect reinsurance, investment of assets and/or sale of real estate; or the request to destroy Colonial's records no longer needed to be retained.

7

*Colonial*, 885 A.2d at 1091.  Thus, as with his civil rights claim, the issues underlying Mazzella's civil conspiracy claim were actually litigated and necessary to the Commonwealth Court's conclusion that Mazzella's objections should be dismissed.

Finally, Mazzella alleges that the Defendants breached their fiduciary duties by failing to account for a number of documents concerning reinsurance and investment income.  However, as the Defendants note, his allegations under this claim are a mirror-image of his Motion for Surcharge before the Commonwealth Court.  Disposing of the claim, the Commonwealth Court held that "[t]he Liquidator, acting within her broad statutory powers and in the best interests of all policyholders, creditors and the public, owes no actionable duty to third parties and individual policyholders or creditors in tort or contract." *Id.* at 1093.  As with Mazzella's other claims, the issues underlying his breach of fiduciary duty action were actually litigated in the state court and were necessary to the judgment.  As such, this and all of Mazzella's claims are barred by the doctrine of issue preclusion and were properly dismissed by the District Court.

III.

For the foregoing reasons, we will affirm the holding the District Court.