Clair Logan, John Cooper, John Betties, Walter Dyson, Aubrey Sherrod, and on behalf of other inmates confined on D-Ward, State Correctional Institution at Camp Hill, Petitioners *v.* Ernest Patton, Superintendent, State Correctional Institution at Camp Hill, Ronald Marks, Commissioner, Pennsylvania Bureau of Corrections, Respondents.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas M. Place,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE ROGERS, December 16, 1982:

The petitioners, persons in custody of the Bureau of Corrections incarcerated at the State Correctional Institution at Camp Hill, bring this action in mandamus seeking an order compelling the respondents, the Commissioner of the Bureau of Corrections and the Superintendent of the State Correctional Institution, to provide the petitioners with at least two hours of daily out-of-cell exercise as required by Section 1 of the Act of June 14, 1923, P.L. 775, 61 P.S. §101.1.[1] The respondents have filed preliminary objections in the nature of a demurrer asserting that the claim is res judicata. The petitioners in turn have filed a preliminary objection in the nature of a motion to strike the respondents' demurrer on the ground that res judicata is an affirmative defense which must be raised by a responsive pleading under the heading New Matter. Pa. R.C.P. No. 1030. The motion to strike the demurrer will be sustained.

"Unless the circumstances necessary to sustain a plea of res judicata appear on the face of the complaint, the defense must be raised in an answer and not by preliminary objections." *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 310, 243 A.2d 385, 386 (1968). Where the complaint makes reference to the prior action on which the defense of res judicata may rest, the defense may be raised by pre-

---

[1] Jurisdiction over this mandamus action is pursuant to Section 761(a) of the Judicial Code, 42 Pa. C.S.A. §761(a). Mandamus is the proper vehicle for reviewing 61 P.S. §101. *Inmates of B-Block v. Marks,* 61 Pa. Commonwealth Ct. 421, 434 A.2d 211 (1981).

liminary objection—but not otherwise. *Callery v. Blythe Township Municipal Authority, supra.* There is no reference to a prior action in the Petition for Review here.

The respondents argue that judicial economy should impel us to decide the issue of res judicata now. Not only is there no precedent for our doing so in these circumstances, the facts concerning the alleged prior action seem not to be agreed upon, the petitioners asserting that the parties to and the issues of the prior suit were different from those here.

The petitioners' motion to strike the respondents' preliminary objection is granted.

#### ORDER

AND Now, this 16th day of December, 1982, the preliminary objection of the Respondents is stricken and they are directed to file an answer within twenty (20) days after notice of this order.