NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-1586
_____

BILLIE JO RICHARDS,
Appellant

v.

CENTRE AREA TRANSPORTATION AUTHORITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cv-01947)
District Judge:  Honorable James F. McClure
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2011

Before: SLOVITER, HARDIMAN, and ALDISERT, Circuit Judges

(Filed : February 18, 201 )
_____

OPINION
_____

SLOVITER, *Circuit Judge.*

In this employment discrimination case, Appellant Billie Jo Richards appeals the District Court's grant of summary judgment in favor of the Centre Area Transportation Authority ("CATA"). We will affirm.[1]

Richards worked as a bus operator with CATA from October 1989 until June 2007. Her time at CATA was tumultuous. In 2001, Richards filed a sexual harassment claim against her supervisor, which was ultimately dismissed on May 17, 2007. Richards was disciplined on several occasions for inappropriate conduct, including oral outbursts against her co-workers and customers, workplace threats, and inappropriate comments over the radio. Due to escalated incidents that occurred on May 22 and 23, 2007, CATA placed Richards on non-disciplinary suspension with pay pending completion of an investigation in compliance with its Collective Bargaining Agreement. On May 24, the day before the suspension took effect, Richards notified CATA's in-house counsel that she intended to file a sexual harassment claim in federal court. She filed the complaint on May 31. On June 6, 2007, CATA terminated Richards' employment following completion of the investigation.

In October 2008, after exhausting her administrative remedies, Richards filed the underlying complaint in the United States District Court for the Middle District of Pennsylvania against CATA alleging unlawful retaliation based on her filing a complaint

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

2

in federal court against CATA for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and similar provisions of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

The District Court granted summary judgment in favor of CATA. The District Court first considered whether Richards established a prima facie case of retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) (setting forth the burden shifting stages in an employment discrimination claim); *Moore v. City of Phila.*, 461 F.3d 331, 346 (3d Cir. 2006) (applying *McDonnell Douglas* approach to retaliation claim). The parties did not dispute that Richards engaged in a protected employee activity (i.e., filing a harassment suit) at or before CATA took an adverse employment action, thus satisfying the first two elements of a prima facie claim. *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000) (setting forth the elements to establish a prima facie case). With respect to the disputed third element, the District Court found that "the proximity between Richards' filing of her federal complaint and her employment termination is sufficient to establish causation for the purposes of establishing a prima facie case in a retaliation action." App. Vol. I at 18. As such, the Court found that Richards met her initial burden.

Second, the District Court considered whether CATA met its burden to articulate a legitimate, nondiscriminatory reason for the termination. The Court reviewed the record: "CATA has pointed to a number of disciplinary actions which it contends formed the basis for its decision," in particular "several events that occurred in April and May of

3

2007 [prior to initiation of the lawsuit and termination] involving profane language, inappropriate conduct toward a bus rider while Richards was on the job, and threatening conduct toward a co-worker." App. Vol. I at 19. As such, the Court found that CATA met its burden at the second stage.

With regard to the third and final burden shifting stage, the District Court considered whether Richards proved by a preponderance of the evidence that the legitimate reasons offered by CATA are not true but instead a mere pretext for discrimination. The District Court concluded that Richards failed to substantiate her claim that the investigative procedures leading up to her termination were inadequate because she failed to cite to any evidence in the record in support of her contention. And, "more importantly," the Court held that Richards' attacks on CATA's investigatory process do not create a genuine issue of material fact given the documentation in the record: CATA's investigation "took roughly two weeks . . . with [the Assistant Director of Transportation] interviewing a number of individuals, following up with leads, and documenting the decisional process." App. Vol. I. 24-25. Finally, the District Court concluded that even if the investigation were faulty or the conclusions erroneous, this alone "fail[s] to show any improper *mens rea* on the part of CATA; at most, the facts indicate that CATA was mistaken or that CATA potentially could have engaged in a more thorough investigation." App. Vol. I. at 26. Accordingly, the Court found Richards failed to meet her burden at the third stage and granted summary judgment in favor of CATA.

4

Our standard of review over the District Court's grant of summary judgment is plenary. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). The only argument advanced by Richards on appeal is that she has indeed established a prima facie case of retaliation given the temporal proximity of the filing of her complaint and employment termination. Even if Richards established a prima facie case, we agree with the District Court that she advances no argument and points to nothing in the record "that would support an inference that the reasons proffered by CATA were pretext." App. Vol. I. at 26.

For the reasons above, we will affirm the District Court's grant of summary judgment for the defendant.