Barbara J. BELL, Appellant

v.

**TOWNSHIP OF SPRING BROOK,**
**Pennsylvania.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 2011.

Decided Sept. 28, 2011.

William L. Byrne, Wilkes–Barre, for appellant.

David M. Maselli, Conshohocken, for appellee.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Barbara J. Bell (Bell) appeals from the September 7, 2010, order of the Court of Common Pleas of Lackawanna County (trial court) granting the preliminary objections of the Township of Spring Brook (Township) to a complaint filed by Bell which sought to compel the Township to investigate, review, address and, where appropriate, enjoin and/or prohibit zoning code violations on a neighboring property. We now affirm in part and reverse and remand in part.

Bell is the owner of approximately twenty-three acres of real property located in Spring Brook Township, Lackawanna County, Pennsylvania.[1] John and Ann Millan own property immediately adjacent to Bell's property and the properties share a common boundary line. In 1980, the Township enacted the Spring Brook Township Lackawanna County Zoning Ordinance (1980 Ordinance).[2] However, in

---

1. Bell lived in Virginia at the time she filed her complaint. (R.R. at 17.) However, Bell intended to relocate to Pennsylvania and build a permanent residence on this property, and she had received permits from the Township relating to the construction of this residence. (R.R. at 18.)

We note that Bell's reproduced record fails to include the lower case "a" following the page number as required by Pa. R.A.P. 2173.

2. The parties dispute whether this Ordinance provided a zoning classification of Millan's property. Bell alleged that the Millan property had always been zoned Residential. (R.R.

1991, the Township passed a resolution declaring the 1980 Ordinance to be invalid and resolving to revise the 1980 Ordinance in its entirety. The Township did not enact the Spring Brook Township Lackawanna County Revised Zoning Ordinance until 1996 (1996 Ordinance). Under the 1996 Ordinance, the Bell and Millan properties are zoned R–1 Residential. (R.R. at 1–18, 546.)

In 1995, John Millan (Millan) acquired sole ownership of Jake Millan Blacktopping Inc. (Millan Blacktopping).[3] In conjunction with the operation of this business, Millan regularly parked a dump truck and backhoe on his property. In May 2004, the Township granted Millan a building permit for construction of a sixty-by-eighty-foot garage on the property. Around the same time, Millan obtained a certificate of non-conformance from the Township relating to the use of the garage for parking and storage of equipment, noting that the use existed prior to the effective date of the 1996 Ordinance. (R.R. at 18, 141–42.)

In July 2005, Bell filed a complaint naming the Township, the Millans, and Millan Blacktopping as defendants.[4] In the complaint, Bell set forth numerous causes of action, including negligence, fraud, and negligent misrepresentation against the Township and a claim of nuisance against the Millans and Millan Blacktopping. Essentially, Bell was attempting to challenge the Township's issuance of the building permit and certificate of non-conformance to Millan. In response to this complaint, the Millans and Millan Blacktopping

averred that their use of the property in conjunction with the family paving business predated the enactment of the 1996 Ordinance. (R.R. at 105–30, 659–70.)

Following substantial discovery by the parties, the Township filed a motion for summary judgment alleging that: it was statutorily immune from suit; the complaint constituted an untimely land use appeal; the permit was properly issued; and the use pre-dated the 1996 Ordinance and, hence, was a permitted, non-conforming use. The Millans and Millan Blacktopping joined in the Township's motion. By order dated November 5, 2008, the trial court granted the Township's motion, concluding that the Township was immune from suit, that Bell's complaint equated to an untimely land use appeal, that the use of the property was a permitted, non-conforming use, and further concluding that Bell's claim of nuisance lacked factual or legal support. (R.R. at 541–69.)

In April 2009, Bell filed the present complaint naming the Township as the sole defendant.[5] In this complaint, Bell alleged that Millan's current use of the property has significantly exceeded the prior, non-conforming use such that Millan was required to obtain a special exception from the Township. Bell sought an order from the trial court compelling the Township to investigate the purported zoning code violations and compelling Millan to discontinue commercial operations on the premises and remove any offending materials or equipment. (R.R. at 15–34, 316.)

In response to this complaint, the Township filed preliminary objections in the na-

at 108.) However, Millan asserted that the 1980 Ordinance did not provide any zoning classification for his property. (R.R. at 660.)

3. The business previously had been owned by Millan's father. (R.R. at 420–21.)

4. *Bell v. Spring Brook Township, Millan, Jake, Blacktopping, Inc., John Douglas Millan and Ann E. Millan,* (Lackawanna County, No. 2638–C of 2005).

5. *Bell v. Township of Spring Brook,* (Lackawanna County, No. 09 CIV 2610).

ture of a demurrer seeking to dismiss the matter based upon the principles of *res judicata*, collateral estoppel, and/or law of the case. Citing Bell's 2005 complaint, the Township asserted that Bell was again challenging its issuance of the certificate of non-conformance to Millan. The Township also sought to strike Bell's complaint for failure to join the Millans as indispensable parties. The Township asserted that the Millans were indispensable parties because their property and due process rights would be affected if the trial court granted Bell's prayer for relief without allowing them to be heard. (R.R. at 365–71.)

Bell filed preliminary objections in response to the Township's preliminary objections alleging that, because her 2009 complaint did not set forth in detail the essential facts and issues pleaded in her 2005 complaint, the affirmative defense of *res judicata* must be raised as new matter in a responsive pleading and not by preliminary objection. Bell further alleged that the 2005 and 2009 complaints did not involve the same issues and that the causes of action in the respective complaints were fundamentally different. (R.R. at 570–81.)

By order dated September 7, 2010, the trial court granted the Township's preliminary objections concluding the doctrine of collateral estoppel required dismissal of

Bell's most recent complaint and the denial of her preliminary objections. The trial court explained that the relevant facts and issues in the present matter were identical to those previously raised by Bell, i.e., the Millans are in violation of the Township's Ordinance. The trial court also indicated that Bell sought the same relief in both actions, the cessation of all commercial activity on the Millans' property, that Bell and the Township were parties in both actions, and that Bell had a full and fair opportunity to litigate the underlying issues in the prior action.[6] (R.R. at 97–104.)

On appeal to this Court,[7] Bell argues that the trial court erred in failing to conclude that the Township improperly raised the issues of *res judicata* and collateral estoppel by preliminary objection. Rather, Bell asserts that the Township was required to raise this issue in a responsive pleading under the heading of new matter. We disagree.

We begin by noting that the doctrine of *res judicata* precludes the relitigation of issues decided in a prior valid judgment in any future suit between the parties on the same cause of action, whereas the doctrine of collateral estoppel operates to preclude the relitigation of issues of fact or law determined in a prior proceeding. *Mason v. Workmen's Com-*

---

6. Based upon its conclusion above, the trial court declared the remaining issue of whether or not Bell failed to join an indispensable party to be moot.

7. Our scope of review of a trial court order granting preliminary objections is limited to determining whether the trial court committed legal error or abused its discretion. *Palmer v. Bartosh*, 959 A.2d 508 (Pa.Cmwlth. 2008). A demurrer can only be sustained where the complaint clearly is insufficient to establish the pleader's right to relief. *Id.* A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly de-

ducible from those facts. *Id.* Conclusions or averments of law are not considered to be admitted as true by a demurrer. *Id.* Since the sustaining of a demurrer results in a denial of the petitioner's claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. *Id.* If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected. *Id.*

*pensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020 (Pa. Cmwlth.), *appeal denied*, 542 Pa. 679, 668 A.2d 1140 (1995). We have described the doctrine of *res judicata* as subsuming the doctrine of collateral estoppel. *Callowhill Center Associates, LLC v. Zoning Board of Adjustment*, 2 A.3d 802 (Pa.Cmwlth. 2010), *appeal denied*, —— Pa. ——, 20 A.3d 489 (No. 492 EAL 2010, filed March 9, 2011).

Bell correctly notes that, unless the circumstances necessary to sustain the plea of *res judicata* appear on the face of the complaint, the defense must be raised in an answer and not by preliminary objection. *Callery v. Municipal Authority of Blythe Township*, 432 Pa. 307, 243 A.2d 385 (1968); *Logan v. Patton*, 70 Pa. Cmwlth. 399, 453 A.2d 369 (1982). However, where the complaint makes reference to the prior action on which the defense of *res judicata* may rest the defense may be raised by preliminary objection. *Id.*

In the present case, Bell specifically references the 2005 matter in her 2009 complaint. (R.R. at 28.) In fact, Bell even relies on the testimony of several deponents procured in the course of the 2005 litigation to support her current action. (R.R. at 28–31.) Because Bell's 2009 complaint references her earlier 2005 action, the Township properly raised the defenses of *res judicata* and collateral estoppel in its preliminary objections.

▬▬ Bell next argues that the trial court erred in concluding that the doctrines of *res judicata* and collateral estoppel bar her present cause of action.[8] We disagree.

Collateral estoppel is a legal doctrine intended to preclude the relitigation of is-

sues of law or fact in a subsequent action. *Galloway v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 690 A.2d 1288 (Pa.Cmwlth.1997). Collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to actually litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 559 A.2d 896 (1989); *Callowhill Center Associates*.

As this Court recently decided in *Callowhill Center Associates*, the doctrine of res judicata/collateral estoppel applies not only to matters decided, but also to matters that could have, or should have, been raised and decided in an earlier action. Our decision in *Callowhill Center Associates* recognized well-settled precedent that collateral estoppel applies if there was adequate opportunity to raise issues in the previous action. *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786 (1965); *Hochman v. Mortgage Finance Corporation*, 289 Pa. 260, 137 A. 252 (1927).

Applying the foregoing precedents to the instant case, it is clear from the record that the doctrine of res judicata/collateral estoppel bars all of Bell's 2009 complaint except to the extent it contains allegations that conditions and circumstances at the Millan property had changed subsequent to the dismissal of her 2005 complaint. *See In re Dippolito*, 833 A.2d 336 (Pa.

8. We note that the trial court relied exclusively upon the doctrine of collateral estoppel in rendering its decision.

Cmwlth.2003), *appeal denied,* 578 Pa. 696, 851 A.2d 143 (2004).[9]

Except for the allegations of changed conditions and circumstances, Bell either raised, or perhaps more significantly, clearly had the opportunity to raise in her 2005 complaint the rest of the issues and allegations that are set forth in the matter before us. The doctrine of res judicata/collateral estoppel has been developed to prevent a multiplicity of suits and to serve the public's interests by keeping the courts clear of disputes, questions of law or issues of fact that have already been litigated, and to protect citizens from the burden of relitigating an issue with the same party. 10 Standard Pennsylvania Practice 2d § 65:72.

Accordingly, we are not persuaded by the styling of Bell's 2009 complaint as a mandamus action as an argument against the application of res judicata/collateral estoppel to it. Such a form over substance rationalization is what the doctrine is intended to preclude by barring relitigation of issues and facts previously determined. *Id.* Rather, the critical inquiry is whether Bell raised, or had the opportunity to previously raise, the facts and issues which are a part of the 2009 complaint, and except as noted above, Bell did. *Hochman.*

We also do not accept the assertion that the 2009 complaint is distinguishable from Bell's 2005 complaint because the former is ostensibly premised upon section 617 of the Municipalities Planning Code (MPC).[10] While the 2005 complaint may have sounded in tort, we note the trial court granted the Township's motion for summary judgment as to that complaint because, inter alia, the trial court equated Bell's complaint to an untimely land use appeal. Again, given that the essence of the 2005 complaint was that of a land use appeal, the granting of the Township's summary judgment as to it is res judicata with respect to the 2009 action.

Hence, we conclude that by virtue of the entry of summary judgment which dismissed the 2005 complaint, Bell is collater-

**9.** In *In re Dippolito*, Michael Dippolito owned two acres of property which was part of an approved three-lot subdivision in an area zoned HI–Heavy Industrial in Upper Merion Township (Township). A substantial portion of Dippolito's property abuts a residential neighborhood. Dippolito owns and operates a landscaping business and sought to operate a large tub grinder on his property to grind trees. The tub grinder weighed 98,000 pounds and, when in operation, generated a noise level of seventy decibels. In December 2001, Dippolito filed an application for a special exception with the Township's zoning hearing board (Board) seeking to operate the tub grinder. The Board denied his application on the basis of the noise generated by operation of the tub grinder, as well as the lack of an approved subdivision plan addressing the ingress and egress of trucks which would supply the trees for grinding.

Dippolito later filed a second application with the Board seeking a determination that the tub grinder was permitted by right, or, alternatively, again requesting a special exception. The Board denied this application as well, concluding that *res judicata* barred Dippolito's second application because he was seeking the same relief. Dippolito appealed, and the common pleas court reversed the Board and concluded that *res judicata* did not apply due to substantial changes in conditions or circumstances relating to Dippolito's property. These changes included the fact that, in the second application, Dippolito proposed placing the tub grinder on a different lot of his subdivision, which lot did not exist as a separate parcel at the time of his first application, he was currently requesting an interpretation of the Township's zoning code, and he provided new testimony of a plan to buffer the site to reduce the noise level. On appeal, this Court affirmed the common pleas court's order, agreeing with the common pleas court that the substantial changes noted above rendered *res judicata* inapplicable to Dippolito's second application.

**10.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10617.

ally estopped from proceeding with the 2009 complaint, except to the extent it alleges changes in the conditions and circumstances at the Millan property that post-date the previous litigation.

The order of the trial court is therefore affirmed in part and reversed in part and this matter is remanded to the trial court for further proceedings relating to Bell's 2009 complaint as limited by this decision.

## ORDER

AND NOW, this 28th day of September, 2011, the order of the Court of Common Pleas of Lackawanna County (trial court), dated September 7, 2010, is hereby affirmed in part, and reversed and remanded in part in accordance with the foregoing opinion.

Jurisdiction relinquished.

