**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2473
_____

BILLIE JO RICHARDS,
                              Appellant

v.

CENTRE COUNTY TRANSPORTATION AUTHORITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-08-cv-01947)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2013

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 24, 2013)
_____

OPINION
_____

PER CURIAM

Billie Jo Richards, proceeding in forma pauperis, appeals pro se the denial of a

motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the judgment against

her.  For the reasons that follow, we will affirm.

In 2008, Richards filed a suit alleging retaliatory discharge by her former employer, Centre Area Transportation Authority (CATA). Summary judgment was granted in favor of CATA on January 25, 2010. Richards appealed, and we affirmed. Richards v. Centre Area Transp., No. 10-1586, 414 F. App'x 501 (3d Cir. 2011). Over two years later, Richards filed a motion for relief from the judgment on the basis of newly discovered evidence, fraud, and "to prevent a manifest miscarriage of justice." The District Court denied the motion in large part because it was untimely. See Fed. R. Civ. P. 60(c)(1) (one year limitation on new evidence and fraud claims under Fed. R. Civ. P. 60(b)(1)-(3)). The District Court also held that the proposed new evidence, even if timely, would not be a sufficient ground justifying relief.[1] Richards moved for reconsideration, the District Court denied the motion, and this timely appeal followed.

Summary judgment was granted on the basis that Richards had not shown that CATA's stated reasons for firing her were pretextual. The new evidence that Richards wished to offer concerned a male CATA employee who was disciplined, discharged, but then ultimately reinstated. Richards claimed the male employee's misconduct was similar to that which resulted in her termination. Richards argues that summary judgment would not have been granted in CATA's favor if she had been able show a male colleague was treated more favorably.

"We review grants or denials of relief under Rule 60(b) . . . under an abuse of discretion standard." Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

---

[1] Though the District Court did not cite a particular part of Rule 60 in this discussion, we understand it to be denying Rule 60(b)(6) relief.

We agree with the District Court that Richards's claims of fraud and new evidence are untimely, and we affirm the denial of Rule 60(b) relief on that basis. Motions on the basis of newly discovered evidence and fraud must be made within a year of the entry of judgment. See Fed. R. Civ. P. 60(c)(1). Here, judgment was entered on January 25, 2010 and Richards's motion was filed on March 12, 2013.

As to the remainder of the District Court's analysis,[2] the District Court did not abuse its discretion in determining that Richards had not shown anything close to the "extraordinary circumstances" required to vacate a judgment under Rule 60(b)(6). Budget Blinds, 536 F.3d at 251 (citation omitted). We note that Richards appears to be making arguments that are best suited for relief under Rule 60(b)(2), but relief under that section must be sought within one year from the entry of judgment. Fed. R. Civ. P. 60(c)(1). As noted above, the District Court correctly concluded that Richards filed her motion too late for consideration under Rule (60(b)(2). Further, Rule 60(b)(6) cannot be used "as a means by which the time limitations of 60(b)(1)-(3) may be circumvented." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975); see also Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006) ("if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of rule 60(b)(6) is not available.").

---

[2] We note that a motion pursuant to Fed. R. Civ. P. 60(b)(6) can also be untimely, as Fed. R. Civ. P. 60(c)(1) requires that such a motion be filed "within a reasonable time." See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (two years was not "a reasonable time."). However, the District Court did not discuss this timeliness issue.

Even if consideration of Richards's "new evidence" were possible now, she would not prevail. First, Richards never explains when or how she received the "new evidence" she wishes to use, and, as CATA points out, Richards does not even say explicitly that this evidence was not provided in discovery during the case. Second, despite Richards's contention that the new evidence was in a sealed personnel file, no explanation is offered for why this evidence would not have been discoverable when she was originally litigating this case with the aid of counsel. Third, as the District Court thoroughly explained, the proposed evidence would not have changed the outcome of the original litigation. The alleged comparator was not "similarly situated" because of the different "nature of the misconduct engaged in" that formed the articulated reason for termination. See Burks v. Wis. Dep't of Transp., 464 F.3d 744, 751 (7th Cir. 2006) (holding comparator must be comparable in misconduct). Specifically, as the District emphasized, the proposed comparator's misconduct was only a subset of Richards's. The District Court noted that there were both fewer incidents of misconduct in the other employee's case and, unlike Richards's alleged misconduct, an absence of incidents that suggested potential violence.

Richards argues that the District Court should have vacated the judgment against her because CATA perpetrated a fraud on the court. Whatever the extent of such a power independent of Rule 60(b), Richards has come nowhere near the showing requisite for such relief. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)). The "fraud" she alleges is that CATA's reasons for firing her were, in fact, pretextual. See Fuentes v. Perskie, 32 F.3d

4

759, 764 (3d Cir. 1994). While a finding that articulated reasons for termination are pretextual certainly looks somewhat like a finding of fraud on the court, they are not the same thing. See Herring v. U.S., 424 F.3d 384, 386-87 (3d Cir. 2005) (discussing the elements of and "demanding standard of proof" for a claim of fraud upon the court). Here, as appellee argues, Richards has neglected even to allege that the comparison evidence was even withheld, much less wrongfully so.

Finally, CATA asks us to impose damages and costs for the filing of a frivolous appeal under Federal Rule of Appellate Procedure 38. An appeal is deemed frivolous if it is "wholly without merit." Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991). This determination is objective, focusing "on the merits of the appeal regardless of good or bad faith." Hilmon Co. v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990) (quotation omitted). Here, the clarity of the timeliness issue puts this case within the category of frivolous appeals. However, even where an appeal is frivolous, we have discretion to award damages. Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it *may* . . . award just damages") (emphasis added); see also Huck on behalf of Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 52 (3d Cir. 1997) (finding an appeal "frivolous" within the meaning of Fed. R. App. P. 38 without entering any award of damages). We would be hesitant to award such damages where, as appellee admits, the financial resources of the appellant are such as to make an award of damages a dead letter. See Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993) (stating that discouraging the frivolous filer is a motivation for awarding damages for filing a frivolous appeal). Further, while we might reach a different result if Richards had filed this appeal with the

aid of counsel, "an unrepresented litigant should not be punished with damages for [her] failure to appreciate subtleties in legal arguments." <u>Beam v. Bauer</u>, 383 F.3d 106, 109 (3d Cir. 2004) (citing <u>Hughes v. Rowe</u>, 449 U.S. 5, 15 (1980)).

For the reasons given, we affirm the judgment of the District Court. Appellee's motion pursuant to Federal Rule of Appellate Procedure 38 is denied.