J-A24031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| JOHN S. MIDDLETON, IN HIS INDIVIDUAL CAPACITY, AND IN HIS CAPACITIES AS FORMER TRUSTEE OF THE TRUST OF FRANCES S. MIDDLETON, SETTLOR, DATED FEBRUARY 1, 2001, AS MODIFIED, AS FORMER TRUSTEE OF THE JSM FAMILY TRUST, AS CO-TRUSTEE OF THE TRUSTS U/A/T OF ANNA M. BAUER, SETTLOR DATED SEPTEMBER 12, 1994 AND F/B/O HUGHES AND F/B/O MIDDLETON, AND AS CO-EXECUTOR OF THE ESTATE OF FRANCES S. MIDDLETON AND BRADFORD HOLDINGS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | No. 2590 EDA 2023 |
| v. | |
| KIMBERLY S. BRUSUELAS, AS INTERIM PERSONAL REPRESENTATIVE OF THE ESTATE OF ANNA K. NUPSON | |

Appeal from the Order Entered September 18, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-24165

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED MARCH 26, 2025**

John S. Middleton ("Middleton"), in his individual capacity, and in his

capacities as former trustee of the Trust of Frances S. Middleton, Settlor,

dated February 1, 2001, as modified, as former trustee of the JSM Family

Trust, as co-trustee of the trusts U/A/T of Anna M. Bauer, Settlor dated September 12, 1994 and F/B/O Hughes and F/B/O Middleton, and as co-executor of the estate of Frances S. Middleton, together with Bradford Holdings, Inc. ("Bradford"), appeal from the order, which: (1) sustained the preliminary objections of Kimberly S. Brusuelas, as Interim Personal Representative of the Estate of Anna K. Nupson ("Nupson");[1] and (2) dismissed with prejudice Middleton and Bradford's complaint. We reverse.

Middleton, Nupson, and a third sibling are the three children of Frances S. Middleton ("Frances") and Herbert Middleton. Bradford was the family's business.

As the instant appeal concerns the application of the collateral estoppel doctrine, we review the relevant prior history between the parties. The parties have had "protracted litigation" "involv[ing] a tangled web of several family trusts, businesses, and estates, along with several family settlement agreements." Trial Court Opinion, 1/16/24, at 1, 8-9 n.3. In 2001, Frances orally created a trust, naming Middleton as trustee and him and his family as primary beneficiaries.

---

[1] Anna K. Nupson was the originally named sole defendant in this action, and during the pendency of this appeal, she passed away. This Court approved the substitution of her estate for her. For ease of discussion, we refer to Nupson and her estate collectively as "Nupson."

In 2003, "[i]n order to prevent threatened litigation[,]" Frances amended the trust ("Modified 2001 GRAT")[2] to designate Middleton, Nupson, and their sibling as equal beneficiaries. Amended Complaint, 3/27/23, at 6-7. Also in 2003, Middleton and Bradford "[bought] out" all of Nupson's and the third sibling's shares of Bradford. *Id*. at 7-8. Relevantly, these events involved the following documents, executed the same year: (1) a family settlement agreement ("2003 Master Family Settlement Agreement"); (2) another family settlement agreement ("FSA"), which pertained to Nupson's own 1994 trust ("1994 Anna Trust"); (3) stock purchase agreements ("SPA"); and (4) a release and indemnification agreement ("GRAT Indemnification Agreement"). At this juncture, we note Nupson, as well as her mother, Frances, were represented from at least 2002 by attorney Bruce Rosenfield ("Attorney Rosenfield") and his law firm, Schnader Harrison Segal & Lewis LLP ("Schnader").[3] Attorney Rosenfield was also the sole trustee of another trust, the 2001 Anna Subtrust. Frances died in 2013.

In 2018, Middleton, Nupson, Bradford, and others executed a settlement agreement ("2018 Settlement Agreement"), which purportedly resolved the

---

[2] The trust was a grantor retained annuity trust. *See* Amended Complaint, 3/27/23, at 3. For ease of review, we employ the same shorthand references to the documents used by the parties.

[3] *But see Nupson v. Schnader Harrison Segal & Lewis, LLP*, No. CV 18-2505, 2022 WL 4635943, at *1 (E.D.Pa. 2022) (stating that Attorney "Rosenfield began representing [Nupson] in 1994 with respect to the formation of" the 1994 Anna Trust).

parties' ongoing disputes. Amended Complaint, 3/27/23, at 4-5 (unnecessary capitalization omitted). Under this settlement agreement, Nupson agreed that: Frances' original 2001 trust "was properly created, funded and administered," Nupson would "forever waive[] her right to contest the 2001 Modified GRAT;" the 2003 Master Settlement Agreement and GRAT Indemnification Agreement were enforceable; "all prior transfers of Bradford stock . . . were in accordance with the Shareholders' Agreement;" and "the 2003 Master Settlement Agreement and all the transactions carried out thereunder were not the subject of any fraud or conspiracy by [Middleton] or Bradford." Settlement Agreement, 2/26/18, at 20-21 (emphasis added), Tab 2 to Complaint, 12/9/21. The 2018 Settlement Agreement also provided that none of the above provisions "shall be construed to mean that [Nupson] believe[d] she received the correct advice by the Schnader firm, its partners, and each of them . . . and she reserve[d] the right to pursue such a claim against the Schnader firm[.]" *Id*. at 21.

Nupson also waived all claims against Middleton and Bradford:

Except as provided in this Agreement, and ***specifically excepting any claims that [Nupson] may have or assert against the Schnader firm, its partners and each of them***, [Nupson] releases, quitclaims and discharges

[Middleton and Bradford]

* * * *

from and against any and all claims, debts, demands, causes of action, suits, damages, obligations, costs, fees, losses, expenses, compensation, and liabilities whatsoever, at law or in equity,

known or unknown, asserted or unasserted, contingent or accrued, discovered or undiscovered, which occurred or existed at any time from the beginning of time to the date this Agreement is approved by the Court[.]

*Id*. at 40-41 (emphasis added). Finally, the 2018 Settlement Agreement stated:

. . . Nothing in this Agreement shall be construed to waive or limit any Party's rights against any person or entity not a Party to this Agreement. [Nupson, Middleton, and Bradford] retain any claims or demands they may have against any person or entity who is not a Party to this Agreement.

*Id*. at 46.

Shortly after the execution of the 2018 Settlement Agreement, Nupson commenced an action against Attorney Rosenfield and Schnader in the United States District Court for the Eastern District of Pennsylvania ("the federal court"), sounding in legal malpractice and breach of fiduciary duty. According to Middleton and Bradford's instant amended complaint, Nupson's federal action averred: Frances' original 2001 trust was not properly created or administered; Nupson may contest the Modified 2001 GRAT; the prior stock transfers were not proper; and the 2003 Master Settlement Agreement was not legal or enforceable. Amended Complaint, 3/27/23, at 17. Middleton and Bradford intervened in the federal action for the limited purpose of opposing Nupson's request for discovery, from them, of allegedly privileged documents or protected work product. *Id*. at 24.

The federal court dismissed two of Nupson's claims and, in 2021, transferred her remaining claims to the Montgomery County Orphans' Court,

to litigation ("Orphans' Court Matter"), over Frances' original 2001 trust, already docketed in that court from 2015. We review the remaining relevant procedural history in chronological order.

In the instant matter, on December 9, 2021, Middleton and Bradford filed a complaint against Nupson in the trial court. They presented one count: breach of contract, namely the 2018 Settlement Agreement. Nupson filed preliminary objections.

Meanwhile, in the Orphans' Court Matter, Nupson filed an "Amended Petition for Surcharge and Other Damages" against Attorney Rosenfield. She alleged breach of trust and unjust enrichment, with respect to Attorney Rosenfield's role as sole trustee of the 2001 Anna Subtrust. Middleton and Bradford, who were also parties in the Orphans' Court Matter, filed an answer to Nupson's amended petition. The trial docket indicates that someone — not identified — filed preliminary objections, alleging the legal insufficiency of Nupson's petition.

Saliently, on August 25, 2022, the Orphans' Court issued an order, sustaining in part the preliminary objections, without prejudice to Nupson to file a second amended petition with the required specificity. The order also overruled in part the preliminary objections, as follows:

> Preliminary Objection Number 2, which alleges that the Amended Petition is legally insufficient because . . . Nupson is estopped by the 2018 Settlement Agreement from asserting her claims against [Attorney] Rosenfield[,] is hereby OVERRULED.

- 6 -

> Under the 2018 Settlement Agreement, . . . Nupson specifically preserved the right to bring actions against [Attorney] Rosenfield and Schnader . . . , including actions for legal malpractice and any action for breach of a fiduciary duty by [Attorney] Rosenfield in his capacity as Trustee of the Trust.
>
> This Court concludes that there **may** be breaches by [Attorney] Rosenfield of his fiduciary duty as Trustee, or misrepresentations by [Attorney] Rosenfield that had an adverse effect on the administration or value of the Trust, that focus on actions and statements made by [Attorney] Rosenfield **and that do not require . . . Nupson to violate any provision of the 2018 Settlement Agreement**.

Order, 8/25/22, at 2 Orphans' Court Matter, Exhibit 7 to Preliminary Objections to Plaintiffs' Amended Complaint , 5/16/23, at 2 ("Orphans' Court Order") (emphases added).

Subsequently, in March 2023 in the instant case, Middleton and Bradford filed an amended complaint. It reiterated generally that "Nupson's attempt to use the discovery process in the federal action to collaterally attack the 2018 Settlement Agreement is a breach of that agreement," and she "sought to circumvent the 2018 Settlement Agreement and revive her 'demands' against [Middleton] for documents that she agreed to waive and release in the 2018 Settlement Agreement." Complaint at 20, 23 (unnecessary capitalization omitted). The amended complaint then raised four additional counts of breach contract, with respect to the 2003 Master Family Settlement Agreement, FSA, SPA, and GRAT Indemnification Agreement.

Nupson filed preliminary objections to the amended complaint. She first pleaded a demurrer, arguing that the 2018 Settlement Agreement expressly

preserved her right to pursue claims against Attorney Rosenfield and Schnader. Second, Nupson averred Middleton and Bradford's claim for breach of the 2018 Settlement Agreement was barred by collateral estoppel,[4] where the Orphans' Court Order "denied [Middleton's] assertions that [she] violated the 2018 Settlement Agreement when she filed claims against [Attorney] Rosenfield and Schnader."[5] Preliminary Objections to Plaintiffs' Amended

_____

[4] As the trial court pointed out:

> As a general rule, collateral estoppel and *res judicata* must be raised in an answer and not by preliminary objection. However, where the complaint makes reference to the prior action on which the defense of *res judicata* may rest, the defense may be raised by preliminary objection. **Bell v. Township of Spring Brook**, 30 A.3d 554[, 558 (Pa. Cmwlth. 2011).]

Trial Court Opinion, 1/16/24, at 4 n.2. **See also Ruff v. York Hosp.**, 257 A.3d 43, 60 n.7 (Pa. Super. 2021) (stating that while "[t]his Court is not bound by decisions of the Commonwealth Court[,]" its decisions may provide persuasive authority).

[5] Nupson argued the amended complaint was also barred on other ground: that she was "entitled to absolute immunity under Pennsylvania's judicial privilege." Preliminary Objections to Plaintiffs' Amended Complaint, 5/16/23, at 7. "It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for **defamation**." **Richmond v. McHale**, 35 A.3d 779, 784 (Pa. Super. 2012) (citation omitted and emphasis added).

On appeal, Nupson argues this Court should extend the theory of judicial privilege to this case. Nupson acknowledges that "no Pennsylvania court has applied the privilege to breach-of-contract cases," but avers that "courts in many other jurisdictions have readily done so," and that Pennsylvania decisional law would support such an application. Nupson's Brief at 18, 24. However, as the trial court did not make any mention of judicial privilege in
*(Footnote Continued Next Page)*

Complaint, 5/16/23, at 3-4. We note Nupson's preliminary objections made one reference to "other agreements dating back to 2003," without identifying them (the 2003 Master Family Settlement Agreement, FSA, SPA, and GRAT Indemnification Agreement), and without presenting argument about them.

On September 18, 2023, the trial court issued the underlying order, sustaining all of Nupson's preliminary objections and dismissing with prejudice Middleton and Bradford's amended complaint. Middleton and Bradford filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6]

Middleton and Bradford present three issues for our review:

1. Whether the trial court committed an error of law in sustaining the Second Preliminary Objection and finding that any and all claims pleaded in the Amended Complaint were barred under the doctrine of collateral estoppel because the five elements of collateral estoppel are not present, the Second Preliminary

_____

its opinion, let alone base its ruling on it, we decline to reach the merits of these arguments by Nupson.

[6] The trial court observed that Middleton and Bradford's six-page, single-spaced Rule 1925(b) statement was not concise and did not provide the court with "direction regarding [the] issues complained of." Trial Court Opinion, 1/16/24, at 9. We remind counsel that a Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). **See also Kanter v. Epstein**, 866 A.2d 394, 401 (Pa. Super. 2004) (concluding two appellants waived all their issues due to filing of "voluminous," fifteen-page Rule 1925(b) statements, which raised forty-nine and fifty-five issues, respectively, and "impeded the trial court's ability to prepare an opinion . . . , thereby frustrating this Court's ability to engage in a meaningful and effective appellate review process"). Nevertheless, as the trial court has addressed Middleton and Bradford's claims, we decline to find waiver.

Objection stated no bases for applying collateral estoppel to Count II of the Amended Complaint despite referencing the paragraphs of Count II, and the Second Preliminary Objection did not address in any way Counts III to V of the Amended Complaint.

2. Whether the trial court committed an error of law in sustaining the First Preliminary Objection and finding that any and all claims pleaded in the Amended Complaint were barred by the language of [the 2018 Settlement Agreement], as the Amended Complaint pleaded a claim upon which relief could be granted in Count I (as the court found in overruling [Middleton's] preliminary objections to the original Complaint, which ruling it was error to set aside) and the First Preliminary Objection stated no bases for applying the language of the parties' 2018 Settlement Agreement to the claims pleaded for breach of different contracts in Counts II to V.

3. Whether the trial court committed an error of law in sustaining the First and Second Preliminary Objections because any doubts about the legal sufficiency of the claims should have been resolved in favor of overruling the Preliminary Objections and/or in permitting [Middleton] to file an amended complaint rather than dismissing all claims with prejudice and without the right to amend.

Middleton's Brief at 4-5 (some unnecessary capitalization omitted).

In all of their issues, Middleton and Bradford aver the trial court erred in finding all five elements of collateral estoppel were established. They present numerous arguments in support, which we address *seriatim* below. We first consider the applicable standard of review:

"Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court."

. . . When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. . . .

- 10 -

*Perelman v. Perelman*, 125 A.3d 1259, 1263 (Pa. Super. 2015) (citations

omitted).

> This Court has explained:
>
> Collateral estoppel, sometimes referred to as issue preclusion, operates to prevent a question of law or an issue of fact which has once been litigated and adjudicated finally in a court of competent jurisdiction from being relitigated in a subsequent suit.
>
> The decision to allow or to deny a prior judicial determination to collaterally bar relitigation of an issue in a subsequent action historically has been treated as a legal issue. As such, this Court is not bound by the trial court's conclusions of law and we may draw our own conclusions from the facts as established.

*Westfield Ins. Co. v. Astra Foods Inc.*, 134 A.3d 1045, 1049-50 (Pa.

Super. 2016) (citations omitted).

> We consider:
>
> Collateral estoppel bars the re-litigation of a previously decided issue in a later action. Collateral estoppel applies only when *all* of the following elements are met:
>
>> (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.

*Century Indem. Co. v. OneBeacon Ins. Co.*, 173 A.3d 784, 805 (Pa. Super.

2017) (citations omitted).

First, Middleton and Bradford aver the trial court erred in dismissing the second through fifth counts of their amended complaint, on the ground Nupson waived any challenge to them. As stated above, these four counts of breach of contract pertained to, respectively, the 2003 Master Family Settlement Agreement, FSA, SPA, and GRAT Indemnification Agreement. Middelton and Bradford contend that **none** of Nupson's preliminary objections addressed, or even mentioned, these contracts.

After review of the pleadings, we agree with Middleton and Bradford's claim. Nupson's preliminary objections made a sole, vague reference to the latter four contracts: "[Middleton and Bradford] filed their Amended Complaint . . . , asserting claims for breach of a Settlement Agreement, and **other agreements dating back to 2003**." Nupson's Preliminary Objections to Plaintiffs' Amended Complaint, 5/16/23, at 1 (emphasis added). Aside from this statement of procedural history, however, the preliminary objections made no reference to the 2003 Master Family Settlement Agreement, FSA, SPA, and GRAT Indemnification Agreement. Similarly, the trial court opinion solely discussed Middleton and Bradford's first count — the alleged breach of the 2018 Settlement Agreement — and did not address the remaining counts of breach of contract. **See** Trial Court Opinion, 1/16/24, at 10-13; **see also** Middleton and Bradford's Brief at 39 (arguing the trial court did not explain how its reasoning applied to the four other breach of contract counts in their amended complaint). As Nupson failed to raise any preliminary objections

with respect to the amended complaint's second through fifth counts, and the trial court made no ruling based on these, we reverse the trial court's order dismissing those counts. **See also** Pa.R.Civ.P. 1028(b) (providing that preliminary objections "shall state specifically the grounds relied upon").

Next, Middleton and Bradford argue the trial court erred in sustaining Nupson's preliminary objections with respect to their first count — the alleged breach of the 2018 Settlement Agreement. They aver that Nupson failed to establish that, after comparison to the August 2022 Orphans' Court Order, any of the five collateral estoppel elements were present. In support, Middleton and Bradford first claim the issues in the two matters were not identical, where the Orphans' Court merely stated "there '**may**' be claims that . . . Nupson could allege against [Attorney Rosenfield] about his service as a trustee that 'do not require [her] to violate any provision of the 2018 Settlement Agreement." Middleton and Bradford's Brief at 28 (emphasis in original). Second, citing to the same language in the Orphans' Court Order, Middleton and Bradford assert that the Orphans' Court's findings were not final. Finally, Middelton and Bradford posit that the Orphans' Court's alleged "determination" — as to whether Nupson was judicially estopped from bringing

claims against Attorney Rosenfield — was not essential to the final resolution of her demand for surcharge.[7] *Id*. at 36.

In sustaining Nupson's preliminary objections, the trial court found all five elements of collateral estoppel established. The court reasoned, in pertinent part:

> [T]he basis for [Middleton and Bradford's] intervention in the prior cases is the foundation for the suit before this court. In each forum and before each judge, [Middleton and Bradford] advanced the posit[i]on that . . . Nupson breached her agreements with Middleton in pursuing her claims against Schnader and [Attorney] Rosenfield. Before both [the federal court and the] Orphans' Court, [Middleton and Bradford] had a full and fair opportunity to engage this issue . . . .
>
> . . . [The] Orphans' Court Order left no doubt regarding the disposition of [Middleton and Bradford's] claims. [The Orphans' Court] found that "[u]nder the 2018 Settlement Agreement, . . . Nupson *specifically reserved the right* to bring actions against [Attorney] Rosenfield and Schnader . . . , including actions for legal malpractice and any action for breach of fiduciary duty[."] Orphans' Court Order, 8/25/22, at 2.]
>
> Finally, although the purpose of [the Orphans' Court] order was to dispose of the preliminary objections of the intervenor in Orphans' Court, that ruling is sufficiently firm to be accorded conclusive effect. A counterfactual illustrates this point perfectly. A ruling in this court that [Middleton and Bradford] could proceed, and that [Nupson's] action at the Orphans' Court docket violated the 2018 Settlement Agreement[,] would directly contradict [the Orphans' Court O]rder and [its] organization of the issues. [Nupson] would be subject to the liability at [the instant] docket,

_____

[7] Middleton and Bradford further argue: (1) they were not parties to Nupson's amended petition for a surcharge, nor in privity with Attorney Rosenfield; and (2) they did not have any opportunity to litigate their claims against Nupson for breach of the 2018 Settlement Agreement, where they were not parties in the federal action. As we discuss *infra*, in light of our disposition of Middleton and Bradford's other arguments, we do not reach these claims.

for litigation that has been given the "OK" at another docket [*sic*]. This contradiction cannot be permitted. None of the causes of action can remain when the basis for the entirety of the [amended] complaint has been conclusively addressed by a prior court's ruling.

Trial Court Opinion, 1/16/24, at 10-12 (some citations omitted).

After careful review of the pleadings, we agree with Middleton and Bradford that not all five of required elements of the collateral estoppel doctrine are present. ***See Perelman***, 125 A.3d at 1263. Here, the trial court focused on the portion of the Orphans' Court Order, which overruled the preliminary objection claim that the 2018 Settlement Agreement estopped Nupson from asserting claims against Attorney Rosenfield. ***See*** Trial Court Opinion, 1/16/24, at 11; ***see also*** Orphans' Court Order, 8/25/22, at 2. The Orphans' Court reasoned that pursuant to the 2018 Settlement Agreement, Nupson specifically preserved the right to bring actions against Attorney Rosenfield and Schnader. ***See*** Orphans' Court Order, 8/25/22, at 2.

However, that was not the same issue in Middleton and Bradford's amended complaint in this case. Instead, the amended complaint presented the question of whether Nupson breached the 2018 Settlement Agreement by pursuing or raising claims that she had agreed to release. On this point, the Orphans' Court Order specifically stated:

> This Court concludes that there **may** be breaches by [Attorney] Rosenfield of his fiduciary duty as Trustee, or misrepresentations by [Attorney] Rosenfield that had an adverse effect on the administration or value of the Trust, that focus on actions and statements made by [Attorney] Rosenfield **and that do not**

> *require . . . Nupson to violate any provision of the 2018 Settlement Agreement*.

*Id*. (emphases added).  This statement did *not* rule or hold that Nupson has, in fact, breached the 2018 Settlement Agreement — which, again, is the issue presented in this case.  Instead, the Orphans' Court merely observed that Nupson *may* be able to bring breach of fiduciary duty claims against Attorney Rosenfield while still complying with 2018 Settlement Agreement.  Furthermore, the employment of the word "may" precludes a finding that the Orphans' Court entered a final judgment on this question, or even a "determination [that] was essential to the judgment." *Id*.; *see also Century Indem. Co.*, 173 A.3d at 805.

Accordingly, we conclude: (1) the prior Orphans' Court Order did not decide an issue that was identical to the one in the instant case; (2) there was no final judgment on the merits; and (3) there was no "determination in the prior proceeding [that] was essential to the judgment." *See Century Indem. Co.*, 173 A.3d at 805.  Thus, we conclude the first, second, and fifth elements of the collateral estoppel doctrine have not been established.

As a collateral estoppel claim may only succeed when *all* five of the elements are present, we need not reach the merits of Middleton and Bradford's arguments as to the other two elements.  We reverse the remaining portion of the trial court's order, which dismissed the amended complaint's first count — Nupson's alleged breach of the 2018 Settlement Agreement.

For the foregoing reasons, we reverse the order of the trial court sustaining all of Nupson's preliminary objections and dismissing with prejudice Middleton and Bradford's amended complaint.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025