IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billie Jo Leatham,                          :
                    Appellant               :
                                            :
          v.                                :     No. 425 C.D. 2024
                                            :     Submitted: April 8, 2025
Hugh Mose                                   :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                     FILED:  June 17, 2025


          Billie Jo Leatham (Leatham), *pro se*, appeals an order of the Centre
County Court of Common Pleas (trial court), sustaining the preliminary objection of
the defendant, Hugh Mose (Mose), and dismissing her complaint with prejudice.
The trial court concluded that because Leatham's complaint raised claims that had
already been decided in her prior federal court action, the doctrine of *res judicata*
barred her from raising the same claims in state court.  On appeal, Leatham argues
the merits of her appeal, *i.e.*, that Mose improperly terminated her employment.  We
affirm the dismissal of her complaint.

          Leatham worked as a bus operator for the Centre Area Transportation
Authority (Transportation Authority).  The Transportation Authority found that
beginning in 2004, and most recently in April and May of 2007, Leatham engaged
in inappropriate conduct, such as swearing and yelling at co-workers and shutting
the bus doors on a passenger.  In his capacity as general manager of the
Transportation Authority, Mose terminated Leatham's employment on June 6, 2007.
Original Record (O.R.), Item No. 2, Complaint ¶¶ 3-4.

In October 2008, Leatham filed an action in the United States District Court for the Middle District of Pennsylvania (District Court) for wrongful termination. She alleged that her employment was terminated in retaliation for the sexual harassment complaint she filed against the Transportation Authority. The District Court granted summary judgment to the Transportation Authority for the stated reason that Leatham failed to produce any evidence that the Transportation Authority's reasons for her dismissal were pre-textual. *See Richards v. Centre Area Transportation Authority*, No. 4:08-cv-01947, 2010 WL 411743 (M.D. Pa. January 25, 2010). Leatham appealed to the United States Court of Appeals for the Third Circuit, which affirmed the District Court's decision. *See Richards v. Centre Area Transportation Authority*, No. 10-1586, 414 Fed. Appx. 501 (3d Cir. 2011). The Third Circuit concluded that Leatham failed to point to anything in the record "that would support an inference that the reasons proffered by [the Transportation Authority] were [pretextual]." *Id*. at 504.

Two years later, in 2013, Leatham filed a motion to reopen her federal action, alleging that she had acquired newly discovered evidence relevant to her employment termination. *See Richards v. Centre Area Transportation Authority*, No. 4:08-cv-01957, 2013 WL 1729372 (M.D. Pa. April 22, 2013). The District Court denied Leatham's motion as untimely, explaining that it was filed three years after final judgment was entered and more than two years after that judgment was affirmed by the Third Circuit.

Nearly a decade later, in May of 2023, Leatham filed the instant state court complaint against Mose, alleging that her employment termination was based upon false information. The complaint alleges that Mose knew, in 2007, that the information reported by Leatham's co-workers was incorrect. As general manager,

Mose had a responsibility to review the evidence fairly and objectively, which he did not do. This complaint also alleges that, in 2010, the individual that complained about Leatham's conduct recanted. Thus, the District Court's judgment in favor of the Transportation Authority was founded in error.

Mose filed a preliminary objection asserting that the complaint was legally insufficient. First, the claims asserted by Leatham had been adjudicated in the Transportation Authority's favor, and this judgment included its employee, Mose. The doctrine of *res judicata* prohibits a plaintiff from asserting claims that were adjudicated in prior litigation. Second, the complaint was not commenced within the applicable statute of limitations, which is two years for an action to recover damages for injury to person or property resulting from the tortious conduct of another. 42 Pa. C.S. §5524(7). Leatham's complaint alleged that the termination of her employment occurred on or about June 6, 2007. The complaint was filed on May 23, 2023, nearly 16 years later, and was well beyond the 2-year statute of limitations.

On October 13, 2023, the trial court sustained Mose's preliminary objection and dismissed Leatham's complaint with prejudice. The trial court explained that Leatham had already litigated her wrongful discharge claim in the District Court, which granted judgment in favor of the Transportation Authority. Further, the District Court has admonished Leatham for her repeated untimely and meritless attempts to open the District Court's judgment. The trial court acknowledged that generally *res judicata* cannot be raised in preliminary objections. However, where the facts relied on for *res judicata* appear in the complaint itself, as in this case, *res judicata* can be raised in a demurrer.

On appeal,[1] Leatham raises four issues:

1. Did the [trial court] fail to consider the Plaintiff's property interest in the Union Contract and the evidence of false charges?

2. Did the [trial court] make a mistake when the burden shifted in the McDonald Douglass Framework?

3. Did the District Court abuse its discretion by disregarding the appellants (sic) arguments and evidence that supported a different outcome?

4. Did the District Court Err as a matter of Law? Err as a matter of Fact?

Leatham Brief at 4.

> The doctrine of *res judicata* has been defined by this Court as follows:
>
> The judicial doctrine of *res judicata* "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." [*In re*] *Coatesville Area Sch*[*ool*] *Dist*[*rict*], . . . 244 A.3d 373, 378 ([Pa.] 2021). For the bar of *res judicata* to apply, both actions must have "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id*. at 379 (citations and internal quotation marks omitted). . . .

*Clark v. Keystone Lawn Spray (Workers' Compensation Appeal Board)*, 302 A.3d 820, 824 (Pa. Cmwlth. 2023). *Res judicata* is an affirmative defense that should be raised in an answer, as opposed to a preliminary objection. However, this procedural irregularity may be waived where the plaintiff does not file a preliminary objection to the defendant's preliminary objections. *Stilp v. Commonwealth*, 910 A.2d 775, 784 (Pa. Cmwlth. 2006). In any case, "[w]here the complaint makes reference to the prior action on which the defense of res judicata may rest, the defense may be raised

---

[1] This Court's review of a final order sustaining preliminary objections and dismissing a complaint determines whether the trial court committed an error of law or abuse of discretion. *Joloza v. Department of Transportation*, 958 A.2d 1152, 1154 n.1 (Pa. Cmwlth. 2008).

4

by preliminary objection[.]" *Logan v. Patton*, 453 A.2d 369, 370 (Pa. Cmwlth. 1982). Application of *res judicata* in a particular case is a question of law on which our review is plenary. *Clark*, 302 A.3d at 825.

Leatham's brief does not address the trial court's dismissal of her complaint on grounds of *res judicata*. Rather, her brief states that she was suspended without pay one day after the Transportation Authority learned that she would be filing a federal civil complaint against it for sexual harassment. She contends that the proximity in time between the filing of her federal complaint and her discharge established a *prima facie* case of retaliation. It was the Transportation Authority's burden to provide a legitimate, nondiscriminatory reason for her termination. Her brief recites deposition testimony of various individuals, which she claims to be inconsistent and, thus, undermines Mose's stated reasons for her termination. In her conclusion, Leatham asks this Court to reverse the District Court's decision granting summary judgment to the Transportation Authority and remand the matter for a trial. Leatham Brief at 53.

Mose responds that the trial court correctly dismissed Leatham's complaint on grounds of *res judicata*. Her complaint alleges a wrongful termination claim and acknowledges that in 2010, the District Court granted summary judgment to the Transportation Authority. O.R., Item No. 2, Complaint ¶5. Thus, the trial court took judicial notice of the previous litigation. The wrongful termination claim in the instant state court complaint has already been adjudicated in the Transportation Authority's favor, which covers the actions of its employee, Mose. Further, that judgment was affirmed by the Third Circuit. In the alternative, Mose argues that the dismissal of Leatham's complaint was appropriate because it is based on actions that occurred more than two years before the complaint was filed.

5

The doctrine of *res judicata* bars an action when four conditions are met: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Swift v. Radnor Township*, 983 A.2d 227, 232 (Pa. Cmwlth. 2009). Leatham does not dispute the identity of the parties; their capacity in both actions; and that the thing being sued upon is her wrongful termination. Identity of the cause of action is determined by comparing the acts complained of; the demand for recovery; the identity of the witnesses and documents; and whether the same evidence is necessary to prove each action. "A party cannot escape operation of the bar of *res judicata* by varying the form of action or adopting a different method of presenting the case." *Id*.

Here, both actions allege that Leatham's employment was terminated in retaliation for her filing a complaint against the Transportation Authority. The witnesses, documents, and facts alleged are all the same. The District Court's 2010 final and adverse judgment on her claim of wrongful termination bars Leatham from pursuing her claim for wrongful termination in a subsequent state court action.

Accordingly, we affirm the trial court's order dismissing Leatham's complaint on grounds of *res judicata*.[2]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[2] As an aside, this Court cannot order the trial court to conduct a hearing on the District Court's judgment. *See* 28 U.S.C. §1291 (federal courts of appeal have jurisdiction over final decisions of the district courts).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billie Jo Leatham,            :
         Appellant          :
                        :
         v.               :        No. 425 C.D. 2024
                        :
Hugh Mose                :

## **O R D E R**

AND NOW, this 17th day of June, 2025, the order of the Centre County Court of Common Pleas, dated October 13, 2023, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita